# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST ZARAGOSA,<br><br>    Plaintiff,<br><br>v.<br><br>PEREZ, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-01575-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 3) |

    Plaintiff Ernest Zaragosa ("Plaintiff") is a county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 5, 2019, together with a motion to appoint counsel. (ECF Nos. 1, 3.)

    In his motion, Plaintiff states that he is unable to afford counsel and has made repeated efforts to obtain a lawyer, but has not received a response. Plaintiff further argues that his imprisonment will greatly limit his ability to litigate, because the issues in this case are complex and will require significant research and investigation and the facility does not have a law library. Plaintiff also states that he has limited formal education and a trial in this case will likely involve conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross examine witnesses. For these reasons, Plaintiff requests that the Court appoint Steven Garenger, a member of the California State Bar, as counsel in this case. (ECF No. 3.)

    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954

n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners with limited education and limited resources who are proceeding *pro se* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel. The Court also notes that there is no indication that attorney Steve Garenger has agreed to be appointed counsel in this action, and as noted above, the Court cannot require an attorney to represent Plaintiff in this action.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 3), is HEREBY DENIED, without prejudice.
IT IS SO ORDERED.

Dated: **November 7, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2