1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST ZARAGOSA,<br><br>       Plaintiff,<br><br>  v.<br><br>MANUEL PEREZ, et al.,<br><br>       Defendants. | Case No.  1:19-cv-01575-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Ernest Zaragosa ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action under 42 U.S.C. § 1983 on November 5, 2019, while a county jail inmate.  On February 4, 2020, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 11.)  On April 24, 2020, the Court screened Plaintiff's first amended complaint and granted him leave to amend.  (ECF No. 14.)  Plaintiff's second amended complaint, filed on May 27, 2020, is currently before the Court for screening.  (ECF No. 15.)

## I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

1  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

2  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

3      A complaint must contain "a short and plain statement of the claim showing that the

4  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

6  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

7  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken

8  as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores,

9  Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

10     To survive screening, Plaintiff's claims must be facially plausible, which requires

11  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

12  for the misconduct alleged.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S.

13  Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted

14  unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

15  plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

16      **II.      Plaintiff's Allegations**

17     Plaintiff is currently housed at the California Men's Colony in San Luis Obispo,

18  California.  The events in the second amended complaint are alleged to have occurred while

19  Plaintiff was housed in the Madera County Department of Corrections.  Plaintiff names the

20  following defendants: (1) Manuel Perez, Director; (2) Dr. Steve Gustaveson; (3) Nurse Devon

21  Medina; (4) Nurse Eva Longoria; (5) Sgt. V. Venton; and (6) Sgt. Mendoza.

22     In Claim 1, Plaintiff asserts a claim arising from his medical care.  He alleges as follows:

23  Beginning on July 29, 2019, the Defendant Manuel Perez in actual training and
    policy at the Madera County Jail that caused the plaintiff to suffer heart problems,
24  that being with his pacemaker.  Plaintiff made it perfectly clear that this life
    threating problem has begun to interfear with other bodily functions, and daily life
25  activities.  The plaintiff requested a "Cardiologist," a heart specialist in which a
    Nurse or M.D. employed at the jail "is not" [emph add] delibrate indifference to a
26  serious medical need, or a quality which is due to a pretrial detainee was further
    violated due to lack of train, and defective policy by having "non-medical staff"
27  review plaintiffs complaint dealing with medical issues in violation of California
    Civil Code § 56.36 as it pertains to Sgt V. Venton, and Sgt Mendoza.  This violates
28  the medical privacy act, the Bane act and Unruth Act of State law, with federal due

2

1       process.

2        (ECF No. 20 at 3-4) (unedited text).

3              In Claim 2, Plaintiff asserts a claim for cruel and unusual punishment and for medical

4       care.  He alleges as follows:

5              On August 9, 2019, I talked to Nurse Longoria and told her that due to my
               pacemaker not working properly.  I have had my pacemaker for over three years,
6              and have been instructed by a heart specialist on what may happen, ad signs to look
               for.  The blood issue I described to Nurse Longoria on August 9, 2019 was in fact
7              one of the issues my heart doctor told me to watch for.  I had appointments with
               my heart doctor while I was out on bail.  Due to me being in the hospital on a court
8              date, I was not able to appear, and on May 21, 2019 my bail was revoked, after I
               had called and rescheduled the court date.  The fact that I was under current care
9              by a heart specialist is a factual showing of the need of care and making my
               appointments with the heart specialist.  On August 14, 2019 Defendant Devon
10             Medina did not act with in the scope of his licensure and medical oath under Bus
               & Prof Codes § 803.  The intentional subjection to lack of life sustaining medical
11             attention, of issues dealing with my heart subjected me to "punishment."  Non-
               medical staff reviewing my appeal involving medical issues violate Californias
12             Medical Privacy Act, wherefore Cal. Cod. Civ. § 56.36, § 52, 52.1 are all applicable
               for damages.
13

14      (Doc. No. 15 at 4-5.)  As relief, Plaintiff seeks monetary damages.

15             In an attached "Memorandum of Points and Authorities in Support of Plaintiff's Amended

16      Complaint," Plaintiff purports to sue the named defendants in their individual and official

17      capacities.   (Doc. No. 15 at 7-8.)  He also alleges that on July 29, 2019, Defendant Mendoza

18      violated Plaintiff's Fourteenth Amendment rights.  Plaintiff reportedly made a valid complaint

19      that he was having problems with his pacemaker, a serious medical condition, and the failure with

20      his pacemaker and lack of medical treatment caused a cascade of pulmonary anemia problems.

21      Plaintiff further alleges that each of the named defendants committed similar violations on August

22      15, August 23, August 30, and September 10, 2019.

23             Plaintiff additionally alleges that Sergeants Venton and Mendoza violated California's

24      Medical Privacy Act by reviewing a grievance that held medical information in it protected by the

25      medical privacy act.

26             Plaintiff contends that Defendant Perez failed to properly train and have a policy at the

27      Madera County Jail that preserved the rights of a pretrial detainee and this failure amounted to a

28      due process violation, punishing a pretrial detainee by lack of proper medical care.

1   Plaintiff further contends that on September 9, 2019, Defendant Medina failed to act

2   within his licensure, subjecting a pretrial detained to punishment, while acting within the training

3   and policy established by Defendant Perez.  As a pretrial detainee, the defendants were to provide

4   medical care to the Plaintiff due to the plethora of medical problems outlined in the inmate

5   grievance dated September 11, 2019.

6   Plaintiff asserts that on September 14, 2019, Correctional Officer Williams openly

7   admitted the continuing problem of Defendant Medina intentionally disregarding Plaintiff's

8   medical problems.  Plaintiff also asserts that Defendant Dr. Gustaveson was in charge of

9   overseeing all medical staff.  Dr. Gustaveson personally saw Plaintiff, and allegedly only gave

10  him placebo medication to get rid of Plaintiff even though Plaintiff told him that before he was

11  remanded on May 21, 2019, he had scheduled appointments with a heart doctor who was working

12  with Plaintiff to correct all the failure with his defibrillator/pacemaker, including the draining of

13  blood.  Defendant Dr. Gustaveson allegedly did not show the professionalism to call Plaintiff's

14  heart doctor, causing Plaintiff intentional punishment for lack of medical care.

15  Plaintiff seeks additional relief in the form of a declaratory judgment, along with

16  compensatory and punitive damages.

17  **III.   Discussion**

18  **A.  Federal Rule of Civil Procedure 8**

19  Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

20  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed

21  factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

22  supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation

23  omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to

24  relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

25  While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly,

26  550 U.S. at 556–557; Moss, 572 F.3d at 969.

27  Here, as with his original and first amended complaints, Plaintiff's second amended

28  complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.

4

1    Plaintiff's allegations do not state what happened, when it happened or who was involved.

2    General assertions regarding the failure of defendants to provide him with proper medical care are

3    not sufficient nor is a recitation of the elements of a cause of action.  Plaintiff's second amended

4    complaint fails to include necessary factual information to state a claim for relief that is plausible

5    on its face.  Despite being provided with the relevant pleading standard, Plaintiff has been unable

6    to cure this deficiency.

7         **B.  Right to Medical Care**

8         A pretrial detainee's constitutional rights are addressed under the due process clause of the

9    Fourteenth Amendment. <u>Castro v. Cty. of Los Angeles</u>, 833 F.3d 1060, 1067–68 (9th Cir. 2016),

10   cert. denied sub nom. <u>Los Angeles Cty., Cal. v. Castro</u>, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017).

11   The elements of a pretrial detainee's medical care claim against an individual defendant under the

12   due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional

13   decision with respect to the conditions under which the plaintiff was confined; (ii) those

14   conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not

15   take reasonable available measures to abate that risk, even though a reasonable official in the

16   circumstances would have appreciated the high degree of risk involved—making the

17   consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the

18   defendant caused the plaintiff's injuries. <u>Gordon v. Cty. of Orange</u>, 888 F.3d 1118, 1125 (9th Cir.

19   2018).  "With respect to the third element, the defendant's conduct must be objectively

20   unreasonable, a test that will necessarily turn on the facts and circumstances of each particular

21   case." <u>Id.</u> (citations and internal quotations omitted).

22        At the pleading stage, Plaintiff's second amended complaint fails to state a cognizable

23   claim arising out of his medical care.  As discussed above, Plaintiff provides only conclusory and

24   generalized statements in support of his claims.  He does not include factual allegations

25   demonstrating that defendants made intentional decisions that put him at risk of serious harm.

26        <u>Nurse Devon Medina</u>

27        Plaintiff fails to state a cognizable claim against Defendant Medina arising out of

28   Plaintiff's medical care.  At best, Plaintiff's allegations are conclusory statements that Defendant

5

1  Medina violated his licensure and oath and that he failed to act.  Conclusory statements, without

2  more, are insufficient to support a claim for denial of medical care.  Despite being provided with

3  the relevant pleading and legal standards, Plaintiff has been unable to cure this deficiency.

4       Nurse Longoria

5       Plaintiff fails to state a cognizable claim medical care claim against Defendant Longoria.

6  He alleges only that he talked to Defendant Longoria, told her that his pacemaker was not

7  working properly, and described a "blood issue."  These allegations are not sufficient to support a

8  medical care claim.  There are no factual allegations demonstrating that Defendant Longoria

9  made an intentional decision with respect to Plaintiff's medical condition that put him at

10  substantial risk of suffering serious harm, that she failed to take reasonable measures to abate the

11  risk or that Plaintiff suffered any resulting injuries.

12       Sergeant Mendoza

13       Plaintiff fails to state a cognizable medical care claim against Defendant Mendoza.  As

14  best as the Court can determine, Plaintiff alleges that he complained of problems with his

15  pacemaker in a grievance reviewed by Defendant Mendoza and that a lack of treatment caused

16  pulmonary anemia problems.  There is no indication from the factual allegations that Defendant

17  Mendoza was involved with Plaintiff's medical care beyond review of his grievance.  Review of

18  Plaintiff's grievance alone will not support a denial of medical care claim.

19       Dr. Gustaveson

20       Plaintiff fails to state a cognizable medical care claim against Defendant Gustaveson.

21  Plaintiff alleges only that Defendant Gustaveson gave Plaintiff a placebo and refused to call

22  Plaintiff's heart doctor.  There are no factual allegations demonstrating that Defendant

23  Gustaveson refused to treat Plaintiff or otherwise made an intentional decision with respect to

24  Plaintiff's medical condition that put Plaintiff at substantial risk of suffering serious harm, that he

25  failed to take reasonable measures to abate the risk or that Plaintiff suffered any resulting injuries.

26  Plaintiff's allegations do not suggest that he had an emergent condition requiring treatment.  That

27  Plaintiff had a heart specialist or had been hospitalized prior to his incarceration are not sufficient

28  factual allegations to support a medical care claim.  Despite being provided with the relevant

1    standard, Plaintiff has been unable to cure the deficiencies in this claim.

2            C. **Denial of Grievances**

3            Plaintiff appears to complain about the denial of his grievances by Defendants Venton and

4    Mendoza.  Prisoners do not have an independent constitutional due process entitlement to a

5    specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.

6    2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected

7    liberty interest to a grievance procedure). Correctional or jail officials are not required under

8    federal law to process inmate grievances in any specific way. Allegations that correctional or jail

9    officials denied or refused to process grievances do not state a cognizable claim for a violation of

10   a prisoner's due process rights, because there is no right to a particular grievance process or

11   response. See, e.g., Rodriguez v. Moore, No. 2:18-cv-1089-TLN-KJN P, 2018 WL 3203131, at

12   *3 (E.D. Cal. June 28, 2018) (finding pretrial detainee had no due process right to a grievance

13   procedure).  Plaintiff's amended complaint fails to state a claim based solely on the review and/or

14   denial of his grievances by Defendants Venton and Mendoza.

15           D.     **Supervisory Liability**

16           Insofar as Plaintiff is attempting to assert a claim against Defendant Perez (or any other

17   defendant) based on his supervisory role, he may not do so.  Supervisory personnel may not be

18   held liable under section 1983 for the actions or omissions of subordinate employees based on

19   respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir.

20   2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir.

21   2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor

22   may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2)

23   there is a sufficient causal connection between the supervisor's wrongful conduct and the

24   constitutional violation." Crowley, 734 F.3d at 977; accord Lemire, 726 F.3d at 1074-75; Lacey,

25   693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt

26   personal participation in the offensive act if supervisory officials implement a policy so deficient

27   that the policy itself is a repudiation of constitutional rights and is the moving force of a

28   constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646

1   (9th Cir. 1989)) (internal quotation marks omitted).

2       Plaintiff's amended complaint does not include any allegations linking Defendant Perez to

3   a constitutional violation.   As noted above, Plaintiff has not stated a cognizable constitutional

4   claim against any of the defendants.  In the absence of any cognizable constitutional claims,

5   Plaintiff's amended complaint does not support a claim that Defendant Perez implemented a

6   deficient policy that was the moving force of any constitutional violation.

7       **E.  State Law Claims**

8       Plaintiff is asserting multiple state law claims.  Under 28 U.S.C. § 1367(a), in any civil

9   action in which the district court has original jurisdiction, the "district courts shall have

10  supplemental jurisdiction over all other claims that are so related to claims in the action within

11  such original jurisdiction that they form part of the same case or controversy under Article III of

12  the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court

13  has stated that "if the federal claims are dismissed before trial, ... the state claims should be

14  dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Although

15  the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a

16  cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a

17  cognizable claim for relief under federal law, it will be recommended that the Court decline to

18  exercise jurisdiction over Plaintiff's state law claims.

19      **IV.  Conclusion and Recommendation**

20      Plaintiff's amended complaint fails to state a cognizable federal claim for relief.  Despite

21  being provided with relevant pleading and legal standards, Plaintiff has been unable to cure the

22  deficiencies in his complaint by amendment, and thus further leave to amend is not warranted.

23  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

24      Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a

25  district judge to this action.

26      Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED as follows:

27      1.    The federal claims in this action be dismissed based on Plaintiff's failure to state a

28  cognizable claim upon which relief may be granted; and

8

2.      The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __July 31, 2020__          ___/s/ Barbara A. McAuliffe___
                                   UNITED STATES MAGISTRATE JUDGE